IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TOM GDOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3233 |
| | ) | |
| v. | ) | |
| | ) | |
| DAN LANT, GAYLENE LANT, | ) | MEMORANDUM OPINION |
| ROBERT R. STEINKE, Honorable | ) | |
| Judge, Platte County, | ) | |
| Columbus, Nebraska, and | ) | |
| SIEVERS, Honorable Judge, | ) | |
| Nebraska, Court of Appeals, | ) | |
| Lincoln, Nebraska, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff filed his complaint in this matter on December 1, 2010 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 8). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff filed his complaint on December 1, 2010, against four individuals: Dan Lant, Gaylene Lant, Robert R. Steinke and Sievers (Filing No. 1 at CM/ECF p. 1). Plaintiff is a non-prisoner who currently resides in Columbus, Nebraska. (Id.; See Docket Sheet.)

Plaintiff alleges that he previously filed a case regarding an easement dispute against Don and Gaylene Lant ("the

Lants") in the Platte County, Nebraska, District Court (Filing No. 1 at CM/ECF pp. 2, 5). On April 16, 2008, Platte County, Nebraska, District Judge, Robert R. Steinke ("Judge Steinke"), dismissed the case with prejudice. (*Id*. at CM/ECF p. 5.) However, plaintiff believed that the Lants misled Judge Steinke, so he appealed the decision to the Nebraska Court of Appeals. (*Id*. at CM/ECF pp. 3, 5.) In April 2010, the Nebraska Court of Appeals affirmed Judge Steinke's decision. (*Id*. at CM/ECF p. 5.)

On November 15, 2010, plaintiff sent a letter to the Nebraska Supreme Court, which the Court construed as a petition for further review (Filing No. 1-1, Attach. 1 at CM/ECF p. 1). It is unclear if the Nebraska Supreme Court has ruled on this petition for further review. Nevertheless, plaintiff asks this court to review and vacate the Nebraska state court judgments discussed above (Filing No. 1 at CM/ECF p. 5).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was

-3-

unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court'") (citation omitted). Put simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding.

Here, plaintiff clearly asks this Court to review and alter Nebraska state court judgments (Filing No. 1 at CM/ECF p. 5). As set forth above, the *Rooker-Feldman* doctrine bars this Court from correcting or altering a state court judgment.[1] In

---

[1] To the extent plaintiff's state court easement proceeding is still ongoing, the Court will abstain from exercising jurisdiction. To promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over constitutional claims for injunctive and declaratory relief when a state court proceeding has already been commenced. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th

light of this, plaintiff's complaint will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 15th day of December, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).  Plaintiff's complaint clearly indicates that an easement proceeding has been initiated, if not completed (Filing No. 1).  To the extent that this proceeding is still ongoing, plaintiff has not alleged, nor demonstrated, that it will not provide him with the opportunity to raise his federal claims.

-5-