IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TOM GDOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3233 |
| | ) | |
| v. | ) | |
| | ) | |
| DAN LANT, GAYLENE LANT, | ) | MEMORANDUM AND ORDER |
| ROBERT R. STEINKE, Honorable | ) | |
| Judge, Platte County, | ) | |
| Columbus, Nebraska, and | ) | |
| SIEVERS, Honorable Judge, | ) | |
| Nebraska, Court of Appeals, | ) | |
| Lincoln, Nebraska, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's Motion for Leave to Appeal In Forma Pauperis ("IFP") (Filing No. 17). On December 15, 2010, the Court dismissed plaintiff's claims without prejudice and entered judgment against him (Filing Nos. 9 and 10). On December 27, 2010, plaintiff filed a Motion for Reconsideration (Filing No. 11). The Court denied plaintiff's Motion for Reconsideration on January 13, 2011 (Filing No. 12). Thereafter, plaintiff filed two successive Motions for Reconsideration, which the Court denied (Filing Nos. 13, 14, 15 and 16). On March 1, 2011, plaintiff filed a Notice of Appeal, a Motion for Leave to Appeal IFP and Motion to Appoint Counsel (Filing No. 17).

Federal Rule of Appellate Procedure 4(a)(1) requires that the notice of appeal in a civil case be filed within thirty

days after the judgment or order appealed from is entered. "A timely notice of appeal is both mandatory and jurisdictional." *Burgs v. Johnson County, Iowa*, 79 F.3d 701, 702 (8th Cir 1996). However, if a motion for reconsideration is filed while time for appeal remains, the time to appeal starts anew once such motion is denied. Fed. R. App. P. 4(a)(4). A motion for reconsideration filed outside the time for appeal, or a successive motion for reconsideration, does not affect the time for appeal or restart the time for appeal. *See Fairley v. Fermaint*, 482 F.3d 897, 901 (7th Cir. 2006).

Here, plaintiff filed his first Motion for Reconsideration within 30 days of the December 15, 2010, Judgment (*See* Filing Nos. 10 and 11). On January 13, 2011, the Court denied plaintiff's Motion for Reconsideration and his time to appeal started anew. Fed. R. App. P. 4(a)(4). However, plaintiff did not file his Notice of Appeal until March 1, 2011, well after his 30-day appeal time expired (Filing No. 17). As discussed above, plaintiff's successive Motions for Reconsideration did not affect the time for appeal or restart the time for appeal. *See Fairley*, 482 F.3d at 901. Accordingly, plaintiff's Notice of Appeal is untimely. However, on the Court's own motion, plaintiff shall have until April 11, 2011, to file an affidavit to show excusable neglect or good cause for failing to file a timely notice of appeal. If plaintiff fails to

submit such an affidavit, plaintiff's appeal will not be processed.

       IT IS ORDERED:

       1.   Plaintiff shall have until April 11, 2011, to submit an affidavit to show excusable neglect or good cause for failing to file a timely notice of appeal.  If plaintiff fails to submit such an affidavit by April 11, 2011, plaintiff's appeal will not be processed.

       2.   The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for affidavit on April 11, 2011.

       DATED this 15th day of March, 2011.

                             BY THE COURT:

                             /s/ Lyle E. Strom
                             _____
                             LYLE E. STROM, Senior Judge
                             United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.