IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOM GDOWSKI,    )<br>          )<br>          Plaintiff,    )<br>          )<br>     v.    )<br>          )<br>DAN LANT, GAYLENE LANT,    )<br>ROBERT R. STEINKE, Honorable  )<br>Judge, Platte County,    )<br>Columbus, Nebraska, and    )<br>SIEVERS, Honorable Judge,    )<br>Nebraska, Court of Appeals,   )<br>Lincoln, Nebraska,    )<br>          )<br>          Defendants.    )<br>_____) | 4:10CV3233<br><br><br>MEMORANDUM AND ORDER |

       This matter is before the Court on its own motion. On December 15, 2010, the Court dismissed plaintiff's claims without prejudice and entered Judgment against him (Filing Nos. 9 and 10). On December 27, 2010, plaintiff filed a motion for reconsideration (Filing No. 11). The Court denied plaintiff's motion for reconsideration on January 13, 2011 (Filing No. 12). Thereafter, plaintiff filed two successive motions for reconsideration, which the Court denied (Filing Nos. 13, 14, 15 and 16). On March 1, 2011, plaintiff a notice of appeal, a motion for leave to appeal in forma pauperis ("IFP") and a motion to appoint counsel (Filing No. 17).

       After reviewing plaintiff's March 1, 2011, filing, the Court informed plaintiff that his notice of appeal was untimely (Filing No. 18). However, the Court provided him with an

opportunity to show excusable neglect or good cause for failing to file a timely notice of appeal. (*Id*.) On March 22, 2011, plaintiff filed an affidavit in response to the Court's March 15, 2011, memorandum and order (Filing No. 19). In his affidavit, plaintiff states that he submitted a notice of appeal in his February 15, 2011, motion for reconsideration. (*Id*.) Plaintiff dated this page of his motion "2-10-2011," but it was not filed until February 15, 2011 (Filing No. 15 at CM/ECF p. 8).

Federal Rule of Appellate Procedure 4(a)(1) requires that the notice of appeal in a civil case be filed within thirty days after the judgment or order appealed from is entered. "A timely notice of appeal is both mandatory and jurisdictional." *Burgs v. Johnson Cnty, Iowa*, 79 F.3d 701, 702 (8th Cir 1996). However, if a motion for reconsideration is filed while time for appeal remains, the time to appeal starts anew once such motion is denied. Fed. R. App. P. 4(a)(4). A motion for reconsideration filed outside the time for appeal, or a successive motion for reconsideration, does not affect the time for appeal or restart the time for appeal. *See Fairley v. Fermaint*, 482 F.3d 897, 901 (7th Cir. 2006).

Here, plaintiff filed his first motion for reconsideration within 30 days of the Court's December 15, 2010, judgment. (*See* Filing Nos. 10 and 11.) On January 13, 2011, the Court denied plaintiff's motion for reconsideration and his time

-2-

to appeal started anew. Fed. R. App. P. 4(a)(4). As discussed above, plaintiff's second, successive, motion for reconsideration, filed on January 26, 2011, did not affect or restart the time for appeal. *See Fairley*, 482 F.3d at 901. Therefore, plaintiff had until February 14, 2011, to file a notice of appeal. On February 15, 2011, one day after his appeal time expired, plaintiff filed a third motion for reconsideration which also contained a request to appeal (Filing No. 15 at CM/ECF p. 8). Although plaintiff's request to appeal was only one day late, "[a] timely notice of appeal is both mandatory and jurisdictional." *Burgs*, 79 F.3d at 702. Plaintiff has not shown good cause or excusable neglect for failing to file a timely notice of appeal. Accordingly, the Court will dismiss the appeal, deny plaintiff's motion for leave to appeal IFP and deny plaintiff's motion to appoint counsel.

IT IS ORDERED:

1. Plaintiff's motion for leave to appeal IFP and motion to appoint counsel (Filing No. 17) are denied.

2. Plaintiff is not entitled to proceed IFP on appeal and the appeal is dismissed. The clerk of the court shall not process the appeal to the Eighth Circuit.

      3.    The clerk of the court is directed to forward a copy of this memorandum and order to the parties and to the Eighth Circuit Court of Appeals.

    DATED this 25th day of April, 2011.

                    BY THE COURT:

                    /s/ Lyle E. Strom
                    _____
                    LYLE E. STROM, Senior Judge
                    United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.